**GLIWA et al. v. UNITED STATES STEEL CORPORATION et al.***

No. 6661.

Circuit Court of Appeals, Third Circuit.

June 23, 1938.

Asa L. Carter, of Pittsburgh, Pa., for appellant.

John J. Heard, John C. Bane, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for appellees.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

The subject matter of this case was discussed in a painstaking and comprehensive opinion by Judge Woolley reported in 3 Cir., 58 F.2d 920, certiorari thereof denied in 287 U.S. 627, 53 S.Ct. 81, 77 L.Ed. 544. It was discussed further in an extended opinion by Judge Gibson in the court below, in pursuance of which the court dismissed the bill. This opinion is printed in the margin.[1]

---

[1] Aug. 30, 1937. GIBSON, District Judge.

Defendants have moved to dismiss the plaintiffs' bill of complaint.

The bill is quite peculiar, both in form and verbiage. It presents the same general subject matter which has been in litigation in the Court of Common Pleas of Allegheny County and in this court since 1929. Much of the alleged basic cause of action was before this court in No. 2480 In Equity, in which Mrs. Agnes Gliwa was a plaintiff, and the defendants were certain of the defendants named in the instant action. Her present counsel represented her and the other plaintiffs in that action, which was dismissed by the court. The judgment was sustained by the Court of Appeals, and certiorari was refused by the Supreme Court, whereupon Agnes Gliwa and others filed a petition against the United States in the Permanent Court of International Justice, based upon a charge of denial of justice in the court of last resort.

The instant bill, as a whole, is voluminous, being filed in three volumes containing some 1,300 pages—much of it being in script. The part which relates only to this court is quite brief. It recited: "That plaintiff is a citizen of the Republic of Poland; defendants are all United States nationals; and the amount

in controversy herein exceeds $3,000.00." Then followed only two paragraphs before the prayer. The First is quoted in full:

"First. That this suit is subsequent to suit brought at 1168 July Term, 1935 of Allegheny County, Pennsylvania, Common Pleas Court. Plaintiff repeats, realleges, ratifies, and confirms, and reprays each and every allegation, averment, prayer and claim of the bill filed therein and the several (659) depasturing statements of claim. (Copies of all are now hereto attached and made a part hereof.)"

The second paragraph sets forth the assignment of the claims of the plaintiffs in the attached statements of claim to the present plaintiff. The prayer demanded a judgment of $4,500,000, and "That injunction stay numerous claimants in the depastured area; and that this court cite them to appear herein with their claims. That all depastured claimants be permitted to join herein and plaintiff will ever pray, etc." Nothing else in the shape of relief is asked.

Following the attestation are printed copies of 659 praecipies and statements of claim, appearing to be filed in the Court of Common Pleas of Allegheny County. Following each statement is a purported assignment by the plaintiff therein, printed, of the cause of action to Agnes Gliwa,

---

*Rehearing denied Aug. 9, 1938.

By reference to the foregoing, we avoid needless repetition, and finding no error on the part of the court below and basing our action on the reasoning of the foregoing holdings, the decree below is affirmed.

---

plaintiff in the instant case. No certificate from the Prothonotary shows the actual existence of the suits or assignments in the Court of Common Pleas. The praecipe in each case directs the issuance of a summons in trespass, but the statement shows an action in assumpsit.

The bill of complaint at No. 1168 July Term, 1935, of the Court of Common Pleas, which is mentioned in the first paragraph, supra, does not appear at all except by the bare reference in the quoted paragraph.

No reason whatsoever is given in the bill why the 659 actions at law, brought in the state court, should be tried in a single action in equity by this court. Each of the statements in such actions differs from the other 658 only in the name and residence of the plaintiff. The locality of each residence is not given except by statement of its latitude and longitude, and the citizenship of no plaintiff is stated. As a matter of fact we know, although not by the present record, that most, if not all but a very few, are citizens of the United States and residents of Pennsylvania. The cases of the plaintiffs cannot be tried in this court, either singly or in mass. Assuming a bona fide assignment of the claims of the citizens of the United States to Agnes Gliwa—which seems contrary to reason in view of an appeal to all plaintiffs to contribute to a fund for the prosecution of this action, set out in plaintiffs' brief upon a copy of the present bill—the present plaintiff cannot litigate the claims of Pennsylvania citizens against other citizens of that State because she is a citizen of Poland. Section 24(1) of the Judicial Code, 28 U.S. C.A. § 41(1), expressly provides that no District Court shall have cognizance of any suit to recover upon any chose in action in favor of any assignee unless the suit might have been prosecuted in that court to recover upon the chose in action if no assignment had been made.

The instant bill, in addition to vital failures in allegation, only some of which have been mentioned, is not in the form prescribed by Equity Rule 25 of the Supreme Court, 28 U.S.C.A. following section 723. It does not briefly state the grounds upon which the court's jurisdiction depends, nor does it set forth a following simple statement of the ultimate facts upon which the plaintiff asks relief.

It will be noted that the only relief which is asked by the bill is a judgment for $4,500,000 and an injunction against any other claimants of damages against the defendants.

The bill is so patently bad, both in form and substance, that the court feels compelled to grant the motion of defendants to dismiss the bill.

Bill dismissed.

Sept. 4, 1937.

The original opinion in this case, filed with the order dismissing the bill of complaint, contained several inaccurate statements of facts which have been called to our attention by counsel for the plaintiff. We now correct them, although the correction does not call for any change in the order made, in our opinion.

A copy of the bill of complaint of Agnes Gliwa and 189 other plaintiffs, filed at No. 1168 July Term, 1935, of the Court of Common Pleas of Allegheny County does appear as an attachment to the bill in the present case. It is not placed immediately after the bill in the instant matter, or after the copies of the attached 659 statements of claim, in either of which places it might reasonably be expected to be found, but has been sandwiched between the 450th and 451st statements, where its presence certainly would not be anticipated.

Again, in the original opinion the statements of claim attached to the bill were asserted to be in suits instituted in the Court of Common Pleas. This is not correct, despite the fact that each copied statement is preceded by a heading, "In the Court of Common Pleas of Allegheny County, Pennsylvania, No. ——, July Term, 1935", and by a purported praecipe to the Prothonotary of that court, directing a summons in trespass. The statement, in most of the claims, is followed by the attestation of the purported plaintiff. Just why these 659 claims were attached in this form a puzzled brain refuses to tell.

As stated, supra, the foregoing corrections do not cause the court to change its order. The misjoinder of causes of action, the lack of jurisdiction in this court to litigate the claims of the vast majority of so-called plaintiffs, and the violation of pleading rules, still remain and demand the action taken.